## Pennsylvania Board of Law Examiners v. Saunders

796

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■

*Susan L. Anderson*, for plaintiff.

GEISZ, *J.*, August 17, 1978—On August 11, 1978, plaintiff petitioned this court for an order directing the prothonotary to accept for filing a writ of fraudulent debtor's attachment against defendant without a bond. At that time the court orally granted plaintiff's request and the writ was immediately filed. A written order in confirmation of the oral decree was entered on August 14, 1978.

The sole issue under consideration is whether plaintiff may commence a fraudulent debtor's attachment without filing an accompanying bond as is normally required by Pa.R.C.P. 1287(b), 42 Pa.C.S.A. §1287 et seq. In Com. v. Kile, 16 D. & C. 2d 47 (1958), where the Pennsylvania Department of Public Welfare filed such a writ against a delinquent welfare recepient, the court held that where the Commonwealth of Pennsylvania acts as plaintiff, it is absolved from filing any bond or security under authority of the Act of July 7, 1919, P.L. 731, 12 P.S. §145. The court futher noted that this act is not affected or suspended by the Rules of Civil Procedure.

As an agency of the Supreme Court of Pennsylvania, the Pennsylvania Board of Law Examiners

clearly can be deemed to serve as the Commonwealth of Pennsylvania in this action and is therefore not required to file a bond.